## ROSS CONSTRUCTION CO v ALESHIRE

Ohio Appeals, 2nd Dist, Clark Co

No 328.   Decided Dec 14, 1933

Marion A. Ross, for plaintiff in error.
L. L. Miller, Springfield, for defendant in
error.

## OPINION

By HORNBECK, PJ.

We have very fully set forth the proceedings by which the errors set up in the petition in error are claimed to have arisen. It is claimed that the court erred in overruling the motions which have heretofore been set forth.

The second ground of the motion made before any evidence was taken is "that it (the petition) is insufficient in law and in fact." This is a general demurrer to the petition.

One phase of the question presented by the demurrer was before the court in Forge Company v Supply Company, 82 Oh St 199, and the court there held that the demurrer should be sustained. The adjudication is found in the syllabus:

"In an action to recover judgment on an account it is a sufficient compliance with

the requirements of §5086, Revised Statutes, to attach to the petition a copy of the account by proper reference and make the same by distinct averment in the petition a part thereof, but it is not a sufficient compliance with that section to merely allege that there is due a specified amount, 'upon an account a copy of which is hereto attached and marked 'Exhibit A'."

The phraseology of the petition in Forge Company v Supply Company, supra, insofar as it refers to an account is identical with that in the petition in the instant case. The Supreme Court in passing on the question reviews the case and determines that the pleading is faulty, that it does not state a cause of action and that a demurrer thereto should be sustained.

The petition in the instant case however has a further allegation namely,

"That the defendant is indebted to the plaintiff for drayage in the sum of $265.01."

This averment standing alone in the absence of a motion to make definite and certain, in our judgment, states a cause of action and would be sufficient as against the motion tendered at the opening of the trial.

At this stage of the proceeding after the cause has been submitted to a jury, verdict and judgment had, it is the obligation of the reviewing court to support the sufficiency of the pleadings if it can be done.

It is claimed that the plaintiff did not make a cause of action upon his petition or upon his proof in chief. The petition is not the regular and usual form of pleading. The "Exhibit A" which purports to be a book account is not made a part of the petition nor was it offered in evidence. Although plaintiff was not careful in his form of proof in this cause, we are of opinion upon the state of the record, when plaintiff rested he had made a case to go to the jury. The account attached to the petition setting forth the amount due him was sufficient in the absence of further showing to support the items and charges there made. Upon the whole record, the items of charge of plaintiff and the amount due thereon were carefully tested upon the evidence and the respective claims of the parties were presented to the jury and it had opportunity to determine whether or not the charges were proper and if the services had been performed. Judgment could not properly be entered upon the pleadings because the petition was good in the absence of motion to make definite and

certain. The answer for the first time brought the contract between the parties into the case by averment, but the reply denied all the averments of the cross petition. Thus, upon the pleadings it could not be said that plaintiff's rights were grounded upon the contract. The court did not err in overruling the motion for judgment on the pleadings.

We have carefully considered all the questions urged by counsel for defendant in his excellent brief, but a fair consideration of all of the legal questions urged and of the record is convincing that no error intervened to the prejudice of the defendant which would require us to set aside the verdict and judgment. The judgment will therefore be affirmed.

KUNKLE and BARNES, JJ, concur.